and Maryl R. Walker for failure to state a cause of action as to these defendants.

Affirmed.

STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. CHARLES O. THOMPSON, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued January 30, 1985—Decided February 28, 1985.

Before Judges FRITZ and LONG.

*John H. Fitzgerald,* Assistant Deputy Public Defender, argued the cause for appellant (*Joseph H. Rodriguez,* Public Defender, attorney).

*Gilbert Miller,* Deputy Attorney General, argued the cause for respondent (*Irwin I. Kimmelman,* Attorney General of New Jersey, attorney).

PER CURIAM.

█ The sole issue on this appeal is an alleged excessiveness of sentence. Having considered the record and argument of counsel, we conclude that the 20-year sentence with a parole ineligibility term of seven years, which is consistent with the negotiated plea and within statutory limits, does not constitute a mistaken exercise of discretion on the part of the trial judge. *State v. Roth,* 95 *N.J.* 334 (1984); *State v. Whitaker,* 79 *N.J.* 503, 512–517 (1979).

█ An additional problem confronts us, however. Defendant pleaded guilty to one count of a two-count indictment charging robbery contrary to *N.J.S.A.* 2C:15–1. In addition to the prison term, a Violent Crimes Compensation Board penalty was assessed, pursuant to *N.J.S.A.* 2C:43–3.1, in the amount of $200. At the argument of this appeal, the State conceded that since there was no injury or death this amount was excessive and the penalty should have been limited to $25. Recourse to the transcript reveals that the precise matter of the limitation was the subject of a very brief colloquy between counsel for the State and the trial judge. After the judge was apprised of the terms of the negotiated plea, the following occurred:

THE COURT: Well, the Violent Crimes penalty is not a part of any plea agreement; is that right?

MS. SEARS [the assistant prosecutor on behalf of the State]: I said "mandatory."

THE COURT: Well, the minimum is mandatory, you are saying. This is robbery, is it not?

MS. SEARS: Correct, Your Honor. No injury to any of the—to the persons.

THE COURT: Injury is not necessary under the Act.

MS. SEARS: That's correct, Your Honor. Your Honor, it would be between $25 and $10,000—I stand corrected—to be afixed [sic] by the Court.

We now have two conflicting concessions by the State. While the dialogue between court and counsel respecting the matter was not particularly informative, we are satisfied that the trial judge had in mind *State v. Diaz*, 188 *N.J.Super.* 504 (App.Div.1983) in which we held that injury would be implied in the armed robbery situation where "defendant menaced the female victim as if he had a gun." *Id.* at 508. In such a case we were of the opinion that "[i]t hardly requires testimony from a psychiatrist to establish that the victim thereby experienced 'mental or nervous shock,' no matter how transitory." *Ibid.* Nothing we say here today is intended to retreat from that holding one whit.

Nevertheless, the record in the matter before us—and it goes without saying that it is that upon which we must base our determination—demonstrates nothing to suggest any conduct which was capable of producing even the transitory type of "injury" described in *Diaz.*

Responding to the inquiry of the judge seeking to ascertain the factual basis for the plea, defendant said:

... All I did, I walked in there. I said, "I'm robbing you." And the people—there were two ladies in there, I believe one black and one white lady. And the black lady gave me the money and I left out of the place.

Even the presentence report in its summary of the offense simply noted the report of the manager of the store "that a black male came into the store and emptied the cash register."

These circumstances do not invoke the *Diaz* rule. To provide in the factual milieu here present for a greater penalty than the limits established in *N.J.S.A.* 2C:43–3.1(a) and (b) would be to indulge in judicial legislation. Accordingly, we accept the con-

cession of the State at the argument before us. We find that a Violent Crimes Compensation Board penalty in excess of $25 in the circumstances of the matter before us is illegal, and we reduce the penalty imposed to $25.

The judgment is modified in accordance with the foregoing and as modified is affirmed. The matter is remanded to the trial court for the entry of an amended judgment.