■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENNY MARCIAL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Calabretta, J.), rendered October 5, 1987, convicting him of sodomy in the first degree, sexual abuse in the first degree (three counts), and endangering the welfare of a child, upon a jury verdict, sentencing him to indeterminate terms of 4 to 12 years imprisonment on the sodomy count, 1 to 3 years imprisonment on each of the sexual abuse counts, and a determinate term of

one year imprisonment for endangering the welfare of a child, all terms to run concurrently, and conditioning any future granting of parole upon his leaving New York State.

Ordered that the judgment is modified, on the law, by deleting therefrom the provision conditioning any future granting of parole upon the defendant leaving New York State; as so modified, the judgment is affirmed.

In this case, the complainant testified that on February 1, 1986, the defendant forced his way into the Queens apartment he had once shared with the complainant, and once inside, the defendant sexually assaulted her. Thereafter, the court allowed a police officer to testify, over defense counsel's objection, as to certain statements the complainant made to him during the course of his investigation. The defendant argues that this evidentiary ruling was improper.

It is well established that a witness's prior consistent statement may not be utilized to bolster his or her trial testimony unless the testimony has been attacked by the opposing party as a recent fabrication (see, People v Davis, 44 NY2d 269). In this case, there was no such attack. In fact, the defense took the position that the complainant's story of the sexual assault was a falsehood from the very beginning (see, People v Davis, supra). Accordingly, the court's evidentiary ruling was improper.

We conclude, however, that the court's error was harmless in light of the overwhelming evidence of the defendant's guilt (see, People v Crimmins, 36 NY2d 230; People v Laudonio, 143 AD2d 227). The defendant admitted to the police that he was in the complainant's apartment and that he pushed the complainant onto the bed. In addition, the defendant left two layers of clothing that he had been wearing in the complainant's bedroom. When the complainant's daughter came home from work, she saw the defendant, naked from the waist up, "fixing his pants". The complainant's daughter also testified that the complainant was crying. Moreover, two police officers testified that the defendant had scratches on his face when he was arrested. Finally, a letter was admitted into evidence in which the defendant admitted that he had forced his way into the complainant's apartment. Therefore, in light of the compelling evidence of the defendant's guilt, we conclude that there is no significant probability that the defendant would have been acquitted but for the erroneous evidentiary ruling (see, People v Laudonio, supra).

The defendant also argues that he was denied his right to

make a statement prior to sentencing due to his exclusion from an off-the-record bench conference. We disagree. Prior to sentencing, the court conducted an off-the-record bench conference to consider the defendant's motion to set aside the verdict. Apparently, the court and defense counsel also "explored and discussed" the defendant's pre-sentence report during this conference. However, we find that the defendant's absence from this conference did not deprive him of his right to make a statement prior to sentencing. The defendant was given a subsequent opportunity to make a statement in his own behalf. Moreover, defense counsel was afforded two opportunities to comment on the factors that the court had considered relevant for the purpose of sentencing: at the off-the-record bench conference and again before sentence was pronounced. Thus, since the court fully complied with the provisions of CPL 380.50, there is no need to remit this case for resentencing.

Finally, the defendant argues that the court improperly conditioned any future granting of parole on his exile from New York State. We agree. Pursuant to Executive Law § 259-c, the State Board of Parole has the duty of determining the conditions upon which inmates serving an indeterminate sentence may be released on parole. Further, as the defendant notes, "banishment" is not a sentence which is authorized by the Penal Law. Bracken, J. P., Sullivan, Balletta and Copertino, JJ., concur.