621 A.2d 520

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT,
v. J.F., DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted January 26, 1993—Decided February 19, 1993.

Before PRESSLER, R.S. COHEN and KESTIN, JJ.

*Zulima V. Farber,* Public Defender, attorney for appellant (*Daniel V. Gautieri,* Assistant Deputy Public Defender, of counsel and on the brief).

*Ronald S. Fava,* Passaic County Prosecutor, attorney for respondent (*Steven E. Braun,* Senior Assistant Prosecutor, of Counsel and on the letter brief).

The opinion of the court was delivered by

KESTIN, J.A.D.

In indictment no. 86–08–0997–1, defendant was charged with aggravated sexual assault upon his daughter, beginning when she was 9½ years old, and with two related offenses. In indictment no. 89–01–0086–1 defendant was charged with three counts of attempted murder and eight related offenses. In a comprehensive plea agreement, defendant agreed to plead guilty to sexual assault and one attempted murder charge. All remaining charges were to be dismissed. The plea agreement provided for a recommendation of a maximum term of 14 years with a 4½-year period of parole ineligibility. The agreement included a provision that defendant was to have no further contact with his first wife or with their daughters; and it further provided that defendant was "to live in the future outside the State of New Jersey."

The guilty pleas were entered and defendant was sentenced, in accordance with the agreement, to a 14–year term of imprisonment for the first degree attempted murder with 4½ years of parole ineligibility; and to a concurrent ten-year term for the second degree sexual assault, also with 4½ years of parole ineligibility. Both judgments of conviction, dated November 16, 1990, contained the following language as part of the disposition on the respective convictions:

NO FURTHER CONTACT WITH FAMILY.
UPON RELEASE MAY NOT RESIDE
IN NEW JERSEY.

In respect of the balance of aggravating and mitigating factors for the purpose of determining whether mandatory

minimum sentences should be imposed, the sentencing judge found, despite the absence of any prior record, that the nature and degree of the crimes, when added to the need to deter further conduct, required the specified prison sentences with mandatory minimum term. A VCCB penalty of $30 was ordered for each conviction, a total of $60.

On appeal, defendant raises the following issues:

POINT I THE CONDITION BANISHING THE DEFENDANT FROM NEW JERSEY UPON HIS RELEASE ON PAROLE IS ILLEGAL AND MUST BE STRICKEN FROM HIS SENTENCE.

POINT II THE PAROLE DISQUALIFIER SHOULD BE VACATED BECAUSE THE AGGRAVATING FACTORS DO NOT SUBSTANTIALLY OUTWEIGH THE MITIGATING ONES, AND THE V.C.C.B. PENALTY MUST BE REDUCED.

The sentences imposed were warranted by the crimes, were authorized by applicable statutory standards, and did not constitute an abuse of discretion. Accordingly, the issue raised by defendant concerning the parole disqualifier is clearly without merit. *R.* 2:11–3(e)(2).

Between the time the sexual assault was committed and the date of defendant's conviction, the VCCB penalty established in *N.J.S.A.* 2C:43–3.1a(2) (West Supp.1992) was increased from $25 to $30. Defendant contends that he is entitled to the lower assessment. It is clear that a defendant may not be assessed a higher VCCB penalty than was authorized at the time the crime was committed. *State v. Chapman,* 187 *N.J.Super.* 474, 455 *A.*2d 514 (App.Div.1982). Nevertheless, we regard sexual assault to be a crime of violence which, especially when committed against a child, results in an injury to the victim. *Cf. State v. Diaz,* 188 *N.J.Super.* 504, 508, 457 *A.*2d 1223 (App.Div.1983). The $30 penalty assessed against defendant in this regard was within the range authorized by *N.J.S.A.* 2C:43–3.1a(1) at the time the earlier acts of sexual assault were committed and thereafter.

As concerns the remaining point, the resolution of the question presented depends upon the character of the provision

"UPON RELEASE MAY NOT RESIDE IN NEW JERSEY" contained in the judgments of conviction. The State concedes that the intent of the provision is unclear and that the directive may not properly be seen as having a life beyond "the length of defendant's sentence, should he be placed on parole." The State suggests that the prohibition upon residing in New Jersey is to be seen as a condition of parole, effective at the commencement of parole and governing the entire period of parole. With this meaning, the ambiguous provision is invalid for the reasons expressed in *State v. Beauchamp*, 262 *N.J.Super.* 532, 621 *A.*2d 516 (App.Div.1993), which we have decided today.

In the light of the State's concession concerning the meaning of the offending provision and our decision holding it invalid as so interpreted, we need not address the remaining question of the provision's validity if it were to be viewed as an order addressed to the person under the pre–1991 version of the Prevention of Domestic Violence Act and related legislation, *N.J.S.A.* 2C:25–11, –13b(5), :29–9b (West Supp.1992). Such an order would clearly be one banishing defendant from the State; and its validity would be a question of first impression in New Jersey. Authority existing elsewhere generally holds that, as a matter of state law, orders banishing defendant from a state may not be issued in the absence of legislative authorization. *See, e.g., Ex parte Scarborough*, 76 *Cal.App.*2d 648, 173 *P.*2d 825 (1946); *Weigand v. Kentucky*, 397 *S.W.*2d 780 (Ky.Ct.App. 1965); *State v. Young*, 278 *Minn.* 381, 154 *N.W.*2d 699 (1967); *People v. Marcial*, 178 *A.D.*2d 493, 577 *N.Y.S.*2d 316 (1991). Our Legislature has not included banishment among the range of penalties that may be imposed for the commission of a crime; and banishment from the State cannot fairly be seen to be among the remedies authorized by the Prevention of Domestic Violence Act.

It also appears unlikely any such provision, even if legislatively authorized, could successfully withstand an evaluation by the standards embodied in the due process, privileges and

immunities, and commerce clauses of the United States Constitution. *See United States v. Pastore,* 537 *F.*2d 675 (2d Cir. 1976); *Pennsylvania v. Porter,* 480 *F.Supp.* 686, 697–98 (W.D.Pa.1979); *Rutherford v. Blankenship,* 468 *F.Supp.* 1357 (W.D.Va.1979); *State v. Sanchez,* 462 *So.*2d 1304, 1309–10 (La.Ct.App.1985); *People v. Baum,* 251 *Mich.* 187, 231 *N.W.* 95 (1930).

The validity of the provision contained in the judgments "no further contact with family" is not in issue. We nevertheless refer the parties to that portion of our decision in *State v. Beauchamp* which discusses the effect of remedial orders entered pursuant to the Prevention of Domestic Violence Act by a sentencing court.

The sentence is affirmed in part. That portion prohibiting defendant from residing in New Jersey is vacated. The matter is remanded for modification of the judgment of conviction in conformity with this decision and *State v. Beauchamp.*