986 A.2d 42 (2010)
411 N.J. Super. 349
STATE of New Jersey, Plaintiff-Respondent,
v.
Joseph Allen LEE, Defendant-Appellant.
No. A-4977-07T4.
Superior Court of New Jersey, Appellate Division.
Argued December 16, 2009.
Decided January 19, 2010.
Mark H. Friedman, Assistant Deputy Public Defender, argued the cause for appellant (Yvonne Smith Segars, Public Defender, attorney).
Meredith L. Balo, Assistant Prosecutor, argued the cause for respondent (Theodore J. Romankow, Union County Prosecutor, attorney).
Before Judges STERN, GRAVES[1] and LYONS.
The opinion of the court was delivered by
*43 STERN, P.J.A.D.
Defendant appeals from a judgment of conviction and challenges, as excessive, his sentence of eighteen years in the custody of the Commissioner of the Department of Corrections, with eighty-five percent thereof to be served before parole eligibility under the No Early Release Act (NERA), for attempted murder. In his plea colloquy defendant acknowledged attacking the victim "so hard with the hammer" that the victim thought it was "imbedded into her chest." Defendant acknowledged he beat the victim "about the head" causing a skull fracture resulting in fifteen staples in her head. The factual basis for the attempted murder is adequate and understandably not contested. The sentence was made concurrent to a sentence simultaneously imposed on a violation of probation for possession of CDS.
The State offered a negotiated recommendation of twenty years for the plea to attempted murder in exchange for the dismissal of other charges and waiver by the prosecutor of an application for extended term sentencing. The judge agreed to permit defendant to withdraw his plea in the event he decided to impose a sentence above eighteen years, which the judge thought was appropriate in light of NERA. See R. 3:9-3(e). These facts were all spelled out at the plea colloquy.
Given defendant's record, including prior domestic violence offenses and a prior sentence committing defendant to the custody of the Department of Corrections for eighteen years with the NERA component for attempted murder, based on his stabbing a prior girlfriend who declined to marry him, and the injuries sustained by this victim, the custodial sentence cannot be deemed excessive. State v. Natale, 184 N.J. 458, 878 A.2d 724 (2005); State v. O'Donnell, 117 N.J. 210, 564 A.2d 1202 (1989); State v. Ghertler, 114 N.J. 383, 555 A.2d 553 (1989); State v. Roth, 95 N.J. 334, 471 A.2d 370 (1984). See also State v. Spinks, 66 N.J. 568, 573, 334 A.2d 23 (1975).
Defendant specifically challenges the imposition of a $100 surcharge for his convictions based on acts of domestic violence (DV). N.J.S.A. 2C:25-29.4 provides that "a person convicted of an act of domestic violence, as that term is defined by [N.J.S.A. 2C:25-19a] shall be subject to a surcharge in the amount of $100 payable to the Treasurer of the State of New Jersey for use by the Department of Human Services to fund grants for domestic violence prevention, training and assessment." Under N.J.S.A. 2C:25-19a "`domestic violence' means the occurrence of one or more of the [listed offenses] inflicted upon a person protected under [the Prevention of Domestic Violence Act]." See N.J.S.A. 2C:25-19d defining "victim of domestic violence." We note that there were no questions at the plea colloquy regarding the relationship between defendant and the victim, and suggest that establishing that relationship under the Act is a prerequisite to the imposition of the domestic violence surcharge. However, defendant contests application of the assessment only because attempted murder is not included within N.J.S.A. 2C:25-19a. At the sentencing hearing the prosecutor asked the court to remind defendant of the restraining order.
Defendant correctly states that neither attempts, generally, nor attempted murder, specifically, are included in N.J.S.A. 2C:25-19a which lists the offenses which can constitute domestic violence. We agree, and vacate the assessment.
Penal statutes, including those imposing penalties as part of a sentence, are to be strictly construed. State v. Valentin, 105 N.J. 14, 17, 519 A.2d 322 (1987). See *44 also State v. Chapman, 187 N.J.Super. 474, 455 A.2d 514 (1982) (applying sentencing principles to monetary fees and penalties). As a result, the Legislature's decision not to include attempted murder in the list of offenses subject to the penalty is dispositive. Cf. State v. Manzie, 335 N.J.Super. 267, 278, 762 A.2d 276 (App. Div.2000), affirmed by an evenly divided Court, 168 N.J. 113, 773 A.2d 659 (2001) (NERA does not apply to murder). See also State v. Parolin, 171 N.J. 223, 232-33, 793 A.2d 638 (2002) (post Manzie legislative history of NERA).
N.J.S.A. 2C:25-19a(1) lists "homicide" which includes all offenses relating to the causing of death or serious bodily injury resulting in death, and cites "N.J.S.A. 2C:11-1 et. seq." However, attempted murder is not a crime in Chapter 11 of the Code. Attempts are proscribed by N.J.S.A. 2C:5-1. See also N.J.S.A. 2C:5-4. Although it is arguable that attempts, or at least attempted murders, were contemplated for inclusion within the surcharge by the Legislature because of the seriousness of offenses like this when compared with others listed in N.J.S.A. 2C:25-19a, the holdings of our courts provide fair notice that, in this area, express inclusion is necessary, and the Legislature has expressly included attempts for purposes of a sentencing provision when it desires to do so. See N.J.S.A. 2C: 43-7.2d (including convictions for conspiracy and attempts in NERA); State v. Staten, 327 N.J.Super. 349, 354-55, 743 A.2d 365 (App.Div.), cert. denied, 164 N.J. 561, 753 A.2d 1153 (2000) (a pre-amendment case holding that NERA does not apply to attempts). See also Manzie, supra, 335 N.J.Super. at 278, 762 A.2d 276. Moreover, the Legislature has provided special grading provisions for attempted murder in N.J.S.A. 2C:5-4a although it did not make attempted murder a specific crime within Chapter 11 of the Code or refer to it for purposes of the DV surcharge.
We are compelled to vacate the DV surcharge. The Legislature can prospectively take action if it desires to do so, as it has done in other areas. See e.g., Parolin, supra, 171 N.J. at 232-33, 793 A.2d 638.
The judgment of conviction, including the fees and penalties, is affirmed except that the domestic violence surcharge is vacated, and the matter is remanded for entry of a corrected judgment.
NOTES
[1] Judge Graves did not participate in oral argument but, with the consent of the parties, has been added for the disposition of the appeal. The matter was argued on the Sentence Oral Argument calendar.