RECORD IMPOUNDED

 NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-5204-15T4

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

E.C.,

 Defendant-Appellant.

___________________________

 Submitted June 7, 2017 – Decided August 2, 2017

 Before Judges Simonelli and Gooden Brown.

 On appeal from the Superior Court of New
 Jersey, Law Division, Mercer County,
 Indictment No. 14-05-0553.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Stefan Van Jura, Deputy Public
 Defender, of counsel and on the brief).

 Angelo J. Onofri, Mercer County Prosecutor,
 attorney for respondent (Laura Sunyak,
 Assistant Prosecutor, of counsel and on the
 brief; Stephen E. Parrey, Assistant
 Prosecutor, on the brief).

PER CURIAM
 Defendant was indicted and charged with three counts of first-

degree attempted murder, N.J.S.A. 2C:11-3 and 2C:5-1 (counts one,

two and three); third-degree terroristic threats, N.J.S.A. 2C:12-

3(a) (count four); third-degree aggravated assault, N.J.S.A.

2C:12-1(b)(7) (count five); two counts of second-degree

aggravated assault, N.J.S.A. 2C:12-1(b)(1) (counts six and seven);

two counts of third-degree possession of a weapon for an unlawful

purpose, N.J.S.A. 2C:39-4(d) (counts eight and nine); fourth-

degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d) (count

ten); second-degree aggravated arson, N.J.S.A. 2C:17-1(a)(1)

(count eleven);1 two counts of second-degree aggravated arson,

N.J.S.A. 2C:17-1(a)(1) (counts twelve and thirteen); and two

counts of second-degree endangering the welfare of a child,

N.J.S.A. 2C:24-4 (counts fourteen and fifteen). The charges

stemmed from defendant setting fire to his home where he resided

with his fiancée, their seven-year-old daughter, A.C., and his

fiancée's sixteen-year-old son, D.C., whom defendant had raised.

 On April 29, 2016, defendant entered a negotiated guilty plea

to counts six, eleven, and fourteen in exchange for dismissal of

1
 Although the indictment referenced N.J.S.A. 2C:12-1(b)(7), which
is not the correct statutory citation for aggravated arson, a
subsequent amendment corrected the error.

 2 A-5204-15T4
the remaining counts and a recommended aggregate ten-year prison

term, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2.2

The agreement included a provision that the State would seek no-

victim contact orders in relation to the two minor victims, but

defendant would argue against the no contact order with his

biological daughter, A.C.

 In his plea allocution, defendant admitted torching his home

with tiki oil after an argument with his fiancée while A.C. and

D.C. were sleeping upstairs in their bedroom. Unbeknownst to

defendant, his fiancée managed to escape. However, as the home

filled with smoke, defendant went to the children's bedroom,

repeatedly slashed D.C.'s face with a knife and dangled A.C. by

her arms over the edge of the roof until firefighters coaxed

defendant into submission and were able to rescue her. Defendant's

fiancée was the victim of the aggravated arson charged in count

six, D.C. was the victim of the aggravated assault charged in

count eleven, and A.C. was the victim of the child endangerment

charged in count fourteen.

2
 On the State's motion, technical amendments were made to all
three counts without objection. See R. 3:7-4. Counts six and
fourteen were amended to reflect November 14, 2013, as the date
of the offense. Count eleven was amended to reflect 2013 as the
date of the offense and O.C. as the victim, and to correct the
statutory citation.

 3 A-5204-15T4
 On July 21, 2016, defendant was sentenced in accordance with

the plea agreement. The trial court ordered defendant to have no

contact with the children for the duration of his sentence and

mandatory parole supervision period. When defense counsel

questioned the court's authority for imposing "a no contact

provision . . . as part of a sentence to state prison[,]" the

court responded that "in the context of a domestic violence case,

. . . it can last for the term of the period of incarceration or

parole." A judgment of conviction was entered on July 22, 2016

and this appeal followed.

 On appeal, defendant raises a single argument:

 POINT I

 THE COURT'S IMPOSITION OF AN ORDER PREVENTING
 DEFENDANT FROM HAVING CONTACT WITH HIS MINOR
 DAUGHTER IS UNLAWFUL AND MUST BE VACATED.

Because the court had the authority to impose the no contact order

under the Prevention of Domestic Violence Act (PDVA), N.J.S.A.

2C:25-17 to -35, we affirm.

 In State v. Beauchamp, 262 N.J. Super. 532, 538-39 (App. Div.

1993), we discussed the effect of remedial orders entered pursuant

to the PDVA by a sentencing court. "[W]e distinguish[ed] between

those provisions of the judgment of conviction which were

designated as conditions of parole and those which were intended

to regulate defendant's conduct as would any order issued pursuant

 4 A-5204-15T4
to the [PDVA]." Id. at 538. We concluded that "[t]he latter

. . . were within the plenary authority of the court at the time

the judgment of conviction was entered," and "the Superior Court

retains the same plenary power to enter appropriate remedial orders

against the defendant as are authorized by the [PDVA] and are

customarily entered in the Family Part." Id. at 538-39.

 N.J.S.A. 2C:25-27(a) provides:

 When a defendant is found guilty of a
 crime or offense involving domestic violence
 and a condition of sentence restricts the
 defendant's ability to have contact with the
 victim, the victim’s friends, co-workers, or
 relatives, or an animal owned, possessed,
 leased, kept, or held by either party or a
 minor child residing in the household, that
 condition shall be recorded in an order of the
 court and a written copy of that order shall
 be provided to the victim by the clerk of the
 court or other person designated by the court.

Under the PDVA, domestic violence occurs when an individual commits

one or more predicate acts, enumerated in N.J.S.A. 2C:25-19(a),

upon a person protected under the Act as defined in N.J.S.A. 2C:25-

19(d).

 Defendant points out that "nearly two years after the

incident, but prior to sentencing, N.J.S.A. 2C:25-19(a) was

amended to include a catchall provision among the enumerated

offenses," specifically:

 5 A-5204-15T4
 Any other crime involving risk of death or
 serious bodily injury to a person protected
 under the "[PDVA.]

 [N.J.S.A. 2C:25-19(a)(18).]

Accordingly, defendant argues the court "was without authority to

impose a no-contact order with respect to A.C. because this

catchall provision should not be given retroactive effect."

Defendant asserts, "[a]pplication of the catchall provision

against defendant would violate fundamental protections against

ex post facto laws" because neither aggravated arson nor child

endangerment were enumerated offenses prior to the effective date

of the amendment. We disagree.

 Both the United States and the New Jersey Constitutions

prohibit ex post facto laws. U.S. Const. art. I, § 10, cl. 1;

N.J. Const. art. IV, § 7, ¶ 3. "The purpose of the Ex Post Facto

Clauses is to guarantee that criminal statutes 'give fair warning

of their effect and permit individuals to rely on their meaning

until explicitly changed.'" State v. Muhammad, 145 N.J. 23, 56

(1996) (emphasis omitted) (quoting Weaver v. Graham, 450 U.S. 24,

28-29, 101 S. Ct. 960, 964, 67 L. Ed. 2d 17, 23 (1981)).

 "The Ex Post Facto Clause is 'aimed at laws that retroactively

alter the definition of crimes or increase the punishment for

criminal acts.'" State v. Perez, 220 N.J. 423, 438 (2015) (quoting

 6 A-5204-15T4
Cal. Dep't of Corr. v. Morales, 514 U.S. 499, 504, 115 S. Ct.

1597, 1601, 131 L. Ed. 2d 588, 594 (1995)).

 [T]o violate the Ex Post Facto Clauses, the
 statute in question must either (1) punish as
 a crime an act previously committed, which was
 innocent when done; (2) make more burdensome
 the punishment for a crime, after its
 commission; or (3) deprive a defendant of any
 defense available according to the law at the
 time when the crime was committed.

 [Muhammad, supra, 145 N.J. at 56 (citations
 omitted).]

 Applicable to this appeal is whether the August 10, 2015

amendment to the PDVA violates the Ex Post Facto Clauses by making

"more burdensome the punishment for a crime, after its commission."

Ibid. Significantly, "two critical elements must be present for

a criminal or penal law to be ex post facto: it must be

retrospective, that is, it must apply to events occurring before

its enactment, and it must disadvantage the offender affected by

it." Weaver, supra, 450 U.S. at 29, 101 S. Ct. at 964, 67 L. Ed.

2d at 23 (emphasis and footnotes omitted).

 Under the first element, "[a] law is retrospective if it

'appl[ies] to events occurring before its enactment' or 'if it

changes the legal consequences of acts completed before its

effective date.'" Riley v. N.J. State Parole Bd., 219 N.J. 270,

285 (2014) (second alteration in original) (quoting Miller v.

Florida, 482 U.S. 423, 430, 107 S. Ct. 2446, 2451, 96 L. Ed. 2d

 7 A-5204-15T4
351, 360 (1987)). In Riley, the Court held that the Ex Post Facto

Clauses precluded retroactive application of the New Jersey Sex

Offender Monitoring Act (SOMA), N.J.S.A. 30:4-123.89 to -

123.99, to the defendant, who had completed his sentence and was

under no form of parole supervision before passage of SOMA. Id.

at 298.

 Under the second element, "[t]here is no ex post facto

violation . . . if the change in the law is merely procedural and

does not increase the punishment, nor change the ingredients of

the offen[s]e or the ultimate facts necessary to establish guilt."

Perez, supra, 220 N.J. at 438-39 (emphasis omitted) (quoting State

v. Natale, 184 N.J. 458, 491 (2005)). In Doe v. Poritz, 142 N.J.

1, 73 (1995), the Court held that the imposition of post-release

registration and notification requirements of Megan's Law did not

violate ex post facto prohibitions because it did not constitute

punishment. Rather, the legislation "is clearly and totally

remedial in purpose[,] . . . designed simply and solely to enable

the public to protect itself from the danger posed by sex

offenders[.]" Ibid. The Court further noted that "[t]he fact

that some deterrent punitive impact may result does not . . .

transform those provisions into 'punishment' if that impact is an

inevitable consequence of the regulatory provision[[.]" Id. at

75.

 8 A-5204-15T4
 Although the constitutional bar against ex post facto

punishments may be applied to a civil measure if the purpose or

effect of the measure is punitive in nature, Riley, supra, 219

N.J. at 285-86, "the relief a court may grant and the remedies

that are made available under the [PDVA] are curative." D.N. v.

K.M., 429 N.J. Super. 592, 606 (App. Div. 2013), certif. denied,

216 N.J. 587 (2014). Unlike the Criminal Code, the PDVA is

essentially civil in nature and "is designed to remediate

behavior." Id. at 605. To that end,

 [t]he Act empowers a court to restrain a
 defendant's contact and communication with the
 victim or members of the victim's family,
 N.J.S.A. 2C:25-29(b)(6), (7); modify
 parenting time, N.J.S.A. 2C:25-
 29(b)(3); restrict the right to purchase or
 possess firearms, N.J.S.A. 2C:25-29(b);
 enjoin use of a residence, N.J.S.A. 2C:25-
 29(b)(2); require completion of various
 counseling programs, N.J.S.A. 2C:25-29(b)(5);
 and impose civil penalties "of at least $50,
 but not to exceed $500[,]" N.J.S.A. 2C:25-
 29.1. However, . . . these provisions are
 designed to protect a victim from future
 infliction of violence. The Act does not pit
 the power of the State against the defendant.
 Rather, a putative victim of domestic violence
 presents evidence to the court and seeks
 available relief, not unlike many other
 remedial statutes designed to protect a
 specific class of plaintiffs from the wrongful
 conduct of another.

 [Ibid.]

 9 A-5204-15T4
 We reject defendant's contention that application of the

catchall provision under the PDVA against defendant violated the

constitutional proscriptions on ex post facto legislation because

neither the purpose nor the effect of the provision is punitive.

Rather, the provision is remedial in nature, designed to protect

domestic violence victims. The August 10, 2015 statutory amendment

to the PDVA expanded the definition of an act of domestic violence

to include any "crime involving risk of death or serious bodily

injury to a person protected under the [PDVA.]" N.J.S.A. 2C:25-

19(a)(18). Under N.J.S.A. 2C:25-19(d), a person protected under

the PDVA includes any person "who has been subjected to domestic

violence by a person with whom the victim has a child in common,"

or "any person who is 18 years of age or older" and has been

subjected to domestic violence by "a present" or former "household

member."

 N.J.S.A. 2C:25-27(a) confers authority on the court to order

the no-contact provision to protect "a minor child residing in the

household" when "a defendant is found guilty of a crime or offense

involving domestic violence[.]" Under this provision, contrary

to defendant's assertion, the minor child need not be the victim

of the act of domestic violence in order to be afforded protection,

but need only reside in the household when defendant is found

guilty of a crime involving domestic violence. Here, the plain

 10 A-5204-15T4
language of N.J.S.A. 2C:25-27(a) encompasses defendant's

conviction for aggravated arson, a crime involving domestic

violence committed upon a person protected under the PDVA, his

fiancée. No contact with A.C., "a minor child residing in the

household" when defendant was found guilty of a crime involving

domestic violence against his fiancée is clearly among the civil

remedies authorized by the PDVA. See State v. J.F., 262 N.J.

Super. 539, 544 (App. Div. 1993) (upholding the validity of the

"no further contact with family" provision contained in the

judgment of conviction).

 Affirmed.

 11 A-5204-15T4